UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR SOUAID, | : CIVIL ACTION NO. 3:CV-05-1234 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| WARDEN, LSCI-ALLENWOOD, | : |
| Respondent | : |

**MEMORANDUM AND ORDER**

Victor Souaid, a federal inmate confined in the Low Security Correctional Institution, Allenwood, Pennsylvania ("LSCI-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner has paid the required filing fee. Named as Respondent is the warden at LSCI-Allenwood.

In 2003, Petitioner was indicted on sixty counts of wholesale distribution of a prescription drug without a license, tampering with consumer product, and medical billing fraud, in the United States District Court for the Southern District of Florida at No. 03-CR-60019. (Doc. 1, petition). On September 22, 2003, Petitioner pled guilty to all but one count. (Doc. 1, Ex. B, plea agreement). Count 33, tampering with consumer product, was dismissed. Id. On December 19, 2003,

Petitioner was sentenced to fifty-one months imprisonment on each count, to run concurrently, three years supervised release on each count, to run concurrently, $5900 total assessment, and $123,549.73 restitution. (Doc. 1, Ex. C, Judgement). There is no indication in the petition, or in the Florida District Court's criminal docket, at No. 03-CR-60019, that Petitioner ever challenged any aspect of the indictment or his sentence either by direct appeal or in any other post-conviction proceeding. Petitioner now turns to this Court seeking relief pursuant to § 2241. In his habeas petition, Souaid challenges the government's indictment. Specifically, he claims that:

    1.    the Court lacked jurisdiction over defendant because the indictment failed to allege and the government failed to present evidence of wholesale interstate distribution of LUPRON DEPOT ("Lupron") in violation of 21 U.S.C. § 353(e)(2)(A);

    2.    it was a fraud on the Court for the government to invoke the Court's jurisdiction by asserting in the indictment and throughout the proceedings that interstate activity, occurring prior to distribution, could satisfy the wholesale distribution statute's jurisdictional requirement of interstate distribution;

    3.    the indictment was fatally defective as the health care billing fraud counts were based on the submission of a false material fact to the grand jury which necessarily influenced the decision to issue the indictment; that when properly administered LUPRON "would reduce testosterone levels.

(Doc. 1, petition at pp. 1-2).

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton vs. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen vs. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love vs. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

3

The instant petition has been given preliminary consideration pursuant to Rue 4 , and the Court has determined that, for the reasons outlined below, the petition will be dismissed without prejudice to any right Souaid may have to file a §2255 motion with the District Court for the Southern District of Florida.

**Discussion**

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  E.g., <u>United States v. Addonizio</u>, 442 U.S. 178, 179 (1979).  In the instant case, Souaid is clearly maintaining that his federal conviction violated his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section

2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a

5

habeas corpus petition in this court.  In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241.  Id. at 249.  If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction.  Galante, 437 F.2d at 1165.  The fact that a petitioner's §2255 motion may be barred by the one year statute of limitations applicable to such actions does not render that remedy inadequate or ineffective.  See  Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002); United States v. Brooks, 230 F.3d 643, 647 (3rd Cir.2000); In re Dorsainvil, 119 F.3d at 251;

United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999).

Petitioner fails to provide any explanation as to why he did not seek a §2255 motion with the sentencing court.  It is the Petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy.  Reyes-Requena v. United

6

States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).  Souaid has not met this burden.

Additionally, Souaid does not claim he is actually innocent of the crime to which he pled guilty, and thus cannot meet the narrow Dorsainvil exception entitling him to § 2241 relief as he has not demonstrated an intervening change in the law which would affect the probability of his innocence.[1]  Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed.  An appropriate Order follows.


Dated: July 5, 2005                                             s/ William J. Nealon                                                                                     
                                                                                      **United States District Judge**

---

    2.   In Dorsainvil, the court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . ." 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented there. Id. at 251-52.

7

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR SOUAID, | : | CIVIL ACTION NO. 3:CV-05-1234 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| WARDEN, LSCI-ALLENWOOD, | : | |
| Respondent | : | |

## **ORDER**

AND NOW this 5th day of June, 2005, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for a writ of habeas corpus is DISMISSED, without prejudice to any right Souaid may have to file a §2255 motion with the United States District Court for the Southern District Court of Florida.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealability.

                                          s/ William J. Nealon
                                          **United States District Judge**